FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 19 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EMMANUEL ILODIANYA,                                    PLAINTIFF

v.                          Case No. 4:11-CV-0637SWW

CAPITAL ONE BANK USA, N.A.;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION LLC                                    DEFENDANTS

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

## COMPLAINT

Plaintiff, Emmanuel Ilodianya ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Capital One Bank USA, N.A.; Experian Information Solutions, Inc.; and Trans Union LLC (collectively, "Defendants") for damages, attorney's fees and costs pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

### PARTIES AND JURISDICTION

1. This is an action for damages, attorney's fees and costs pursuant to the Fair Credit Reporting Act (the "Act") 15 U.S.C. § 1681 *et seq* and 28 U.S.C. § 1331.

2. At the time of the facts at issue, Plaintiff resided in the State of Arkansas and is a "consumer" as defined by 15 U.S.C. §1681a(f) of the Act. For a time, Plaintiff resided at 3565 Delaware St. Apt. 512 Beaumont, Texas 77706 and attempted to obtain work there due to the loss of his job in Arkansas after the false information was placed on his credit report. He currently resides at 4406 West 11th Little Rock, Arkansas 72204.

1

3. Defendant, Capital One Bank USA, National Association ("Capital One"), is a foreign corporation doing business in the State of Arkansas. Capital One is a credit grantor and furnisher within the meaning of 15 U.S.C. § 1681 *et seq.*

4. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in the State of Arkansas. Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the Act, to third parties.

5. Defendant Trans Union, LLC ("Tran Union") is a foreign corporation doing business in the State of Arkansas. It is a consumer credit reporting agency as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the Act, to third parties.

6. The Jurisdiction of this Court is invoked pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

7. Venue is proper in this Court, the Eastern District of Arkansas pursuant to 28 U.S.C. § 1331 and the Local Rules of the United States District Court for the Eastern District of Arkansas

8. Jurisdiction of this Court for the pendent claims is authorized by Fed. R. Civ. P. 18(a).

9. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed R. Civ. P. 38.

## **FACTUAL ALLEGATIONS**

10. In July 2005, Plaintiff opened a credit card account numbered 4862367158017246 (the "Account") with Defendant.

11. Sometime during 2006, Plaintiff called Capital One and requested that the Account be cancelled.

12. On or around October 1, 2008, Capital One sent a statement enclosed with blank checks on the Account that arrived at 11920 Teton Forest Drive, Little Rock, AR, which was nearby Plaintiffs actual address at 11920 Shawnee Forest Drive, Little Rock, AR.

13. On or about October 8, and then again on or about November 17, 2008, a person residing at 11920 Teton Forest Drive fraudulently used three blank checks sent from Defendant to pay utility and cable bills for the benefit of the residents of the Teton Forest Drive address.

14. On or about December 3, 2008, Plaintiff received a call from an employee of Capital One asking him to make a payment towards the balance on the Account. Plaintiff responded that he closed the Account several years ago. The Capital One employee stated that the Account was still open. Plaintiff requested that the Account be closed and stated that he had not used the Account to make any payments.

15. On or about December 5th, 2008, Capital One sent the Plaintiff a letter informing him that it closed the Account and requested that he fill out a Fraud Information Form and return it immediately.

16. Sometime during December 2008, Plaintiff filled out Fraud Information Form showing that he was not responsible for the amount on the statement and mailed it to Capital One as requested.

17. Sometime after the allegation in paragraph 9, Plaintiff received another call from an employee of Capital One. The employee stated that he was the fraud investigator assigned to the Plaintiff's case. The Plaintiff stated that neither he nor anyone authorized to write checks on the Account wrote such checks incurring the balance on the Account. The Capital One employee falsely accused the Plaintiff of writing the checks and of lying. Then, the Capital One employee demanded that the Plaintiff pay the balance on the Account.

18. Despite Plaintiff's cooperation with Capital One's requests, the Capital One employee ignored Plaintiff's letters and the differences in signatures on the fraudulent checks and Plaintiff's signature on the Fraud Report. In addition, the bills for which the fraudulent checks were paid did not belong to Plaintiff or anyone in his household.

19. Plaintiff requested from Capital One and Capital One then sent copies of the disputed checks numbered 12781, 45739, and 45740.

20. Capital One instructed the Plaintiff to file a police report concerning the fraudulently issued checks and then send a copy of the report to Capital One.

21. On or about December 28th, 2008, the Plaintiff filed a police report with the Little Rock Police Department stating that he had been the victim of identity theft. The Plaintiff then faxed the police report, case number 2008-149544, to Capital One.

22. The Police Investigation concluded that the Plaintiff was a victim of identity theft and therefore not responsible for the fraudulent charges on the Account.

23. After receiving a collection letter on the Account on February 20, 2009, Plaintiff personally visited a Capital One location in Beaumont, Texas, and spoke with Michael Trevino, who made a telephone call to the Capital One Investigative Unit in attempt to assist Plaintiff. Plaintiff gave the Investigative Unit the telephone number of the Little Rock police officer who investigated his fraud, and Plaintiff was later informed that the officer was contacted by Capital One. The officer reported to Plaintiff that he told the Capital One investigator that he concluded that Plaintiff had been the victim of fraud.

24. On or about July 19, 2009, Capital One sent the Plaintiff a letter stating that the Plaintiff had no further liability for any fraudulent charges on his account. Capital One requested the Plaintiff to fill out and submit another Fraud Information Form.

25. On or after August 11, 2009, Plaintiff requested copies of his credit report from Equifax, Transunion and Experian. He received and reviewed his credit reports on or after August 21, 2009 and discovered that the Account had been reported to the credit agencies as past due in August of 2009.

26. On October 28, 2009, Plaintiff directed a letter to Carla Hamilton, the District Manager of Capital One Bank in Beaumont, Texas with attached information exhibiting that the transactions on the Account were fraudulent, requesting that the false information be removed from his credit record, and informing Capital One that damages were accruing to Plaintiff.

27. Plaintiff requested copies of his credit report from Equifax, Transunion and Experian (collectively "the Credit Bureaus") again in December of 2009 and January of 2010, and the Capital One Account was listed as past due by TransUnion and Equifax and in dispute by Experian.

28. On April 23, 2010, Plaintiff gave notice by letter to Capital One, Equifax, Experian and TransUnion that he had been damaged by their publication of false information and notice of their duty to investigate such allegations.

29. Equifax, Experian and TransUnion responded to the April 23, 2010 letter and requested information from Plaintiff in response.

30. Plaintiff provided information in response by letter to Equifax, Experian and TransUnion on May 17, 2010.

31. TransUnion responded by letter on May 21, 2010 stating that they received the information and would review it.

32. Equifax responded by letter through CSC Credit Services on June 2, 2010 that it had received the information and requested additional information, which was provided to CSC Credit Services/Equifax ("CSC") by letter on September 10, 2010.

33. A report from CSC dated October 12, 2010 revealed that the Account was showing "past due."

34. By letter dated October 19, 2010, CSC notified Plaintiff that it would block the fraudulent information regarding the Account on Plaintiff's credit file with them.

35. A report from CSC dated October 20, 2010 revealed that the Account was no longer showing past due for CSC/Equifax.

36. On or about October 25, 2010, the Federal Trade Commission ("FTC") was contacted regarding the Account and the failures of Capital One, Experian and TransUnion to adequately investigate fraud, and the FTC responded by letter dated October 25, 2010 requesting additional information, which was mailed on October 28, 2010.

37. Capital One notified Plaintiff by letter dated November 3, 2010 that "after researching the [Account], we found that you aren't responsible for the credit history information that appears on your credit report for [the Account]" and that they notified Experian, Equifax, TransUnion, and Innovis of the corrected information.

38. Capital One, TransUnion and Experian (collectively the "Defendants") failed to perform an adequate fraud investigation within the proscribes of the Fair Credit and Reporting Act (15 U.S.C. § 1681).

39. Defendants' investigations failed to:

    a. Notice the discrepancies between the Plaintiff's cable account number and the cable account numbers on checks 12781 and 45739. (Plaintiff's actual account number when the checks were written was 15557141892021 while the account number the checks paid on was 15557123738061)

    b. Notice the discrepancy between the utility account number on check and the Plaintiff's actual utility account number. (Plaintiff's actual utility account number when the checks were written was 8050499301 while the account number the check paid on was 8050783304.)

    c. Notice the difference between the Plaintiff's signature and the forged signatures on the disputed checks.

    d. Take into account the findings of the Little Rock Police Department investigation.

40. In violation of 15 USC § 1681, Capital One repeatedly reported false credit information about the Plaintiff to the credit reporting agencies, TransUnion, Experian, and Equifax.

41. Capital One failed to comply within the required time with 15 U.S.C. § 1681 by notifying the consumer reporting agencies that the information on

the Plaintiff's credit report concerning the fraudulent charges is false, failed to adequately investigate, and Experian and TransUnion failed to perform adequate investigations despite detailed information provided to them.

42. In taking the actions described in above in this complaint, the Defendants willfully and negligently failed to comply with 15 U.S.C. § 1681.

43. Because of the Defendants' actions, the Plaintiff has suffered the following:

   a. Damage to his credit rating and report;
   b. Forced to close his business due to lack of being able to acquire financing due to the false information published on his credit report;
   c. Being forced into unemployment after the close of his business;
   d. Strained relations with is wife, which required him to take a job out-of-state and away from his wife as a result of the financial turmoil;
   e. Being forced to discontinue his enrollment in a Ph.D. program due to financial struggles and failure to acquiring approval for a student loan; and
   f. Being unable to purchase anything that requires a seller to view his credit report, which has prevented him from renting an apartment and buying a car.

## CAUSES OF ACTION

### Count I: Violation of the Fair Credit Reporting Act

### Capital One

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 43 above as if fully set out word for word.

45. Based on the facts above, Capital One has violated the Fair Credit Reporting Act (15 U.S.C. § 1681) by:

    a. Failing to perform an adequate investigation that would show that the Plaintiff was a victim of identity theft and therefore not responsible for the fraudulent charges shown on his credit report;

    b. By negligently publishing false information to a credit reporting agency;

    c. By willfully publishing false information to a credit reporting agency;

    d. By failing to correct false information published on the Plaintiff's credit report.

46. By reason of the aforesaid violations of the Fair Credit Reporting Act, the defendant is liable for: (1) statutory damages set out in §§ 1681n and 1681o of the Act; (2) actual damages to be established at trial, (3) punitive damages set out in § 1681n to be established at trial, and (4) attorneys fees and costs in accordance with §§ 1681n and 1681o of the Act.

**Experian and Trans Union**

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 46 above as if fully set out word for word.

48. Plaintiff complied with all statutory requirements regarding notice of disputed information on his credit.

49. Defendants prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

50. Defendants willfully and/or negligently violated 15 U.S.C. 1681i(a) by failing to conduct a reasonable and independent investigation and to remove inaccurate information from Plaintiff's credit files after receiving actual notice of such inaccurate information and after Plaintiff's requests for investigation as described above.

51. Defendants have been willfully and/or negligently submitting inaccurate, misleading, and false reports concerning Plaintiff and Plaintiff's general credit worthiness to a wide variety of potential employers and retail merchants because their reports were inaccurate concerning Plaintiff's account with Defendant Capital One.

52. As a result of Defendants' conduct, Plaintiff's creditworthiness was damaged.

53. As a result of Defendants' conduct, Plaintiff has suffered the loss of his business and inability to subsequently obtain employment, physical upset, emotional distress, humiliation, loss of consortium, mental anguish and

damages to his credit worthiness, in an amount of approximately $500,000.

54. Defendants' conduct was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

55. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be allowed by the Court.

### Count II: Defamation of Credit

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 above as if fully set out word for word.

57. Based on the facts above, the Defendants defamed the Plaintiff's credit history by maliciously, willfully, and falsely publishing false information about the Plaintiff's credit history when in fact they knew or should have known that Plaintiff was not responsible for the charges on the Account.

58. By reason of the aforesaid violation, the defendant is liable for actual and punitive damages to be established at trial.

59. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be allowed by the Court.

### Count III: Intentional Infliction of Emotional Distress

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 59 above as if fully set out word for word.

61. Based on the facts above, the Defendant inflicted intentional emotional distress upon the Plaintiff by failing to conduct a proper investigation,

knowingly reporting false information, and conducting itself in a manner with respect to the Plaintiff that caused the Plaintiff to suffer severe emotional distress; and

62. Based on the facts above, the Defendant's conduct was the proximate cause of the Plaintiff's severe emotional distress.

63. By reason of the aforesaid violation, the Defendant is liable for compensatory damages to be determined at trial.

### Count IV: Declaratory Relief

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 63 above as if fully set out word for word.

65. Based on the facts above, the Defendant has continually reported false credit information to the credit reporting agencies TransUnion, Experian, and Equifax; and

66. The Defendant is required under 15 USC § 1681 to correct false credit information reported to such credit reporting agencies; and

67. By reason of the aforesaid violation, the Defendant shall be ordered by this Court to correct any remaining such false information that is at issue in this complaint.

### DEMAND FOR JURY TRIAL

68. Wildwood restates and realleges all allegations in all paragraphs hereto.

69. Wildwood requests a trial by jury on all issues.

70. Wildwood seeks an award of attorney's fees and costs pursuant to cost.

**WHEREFORE**, The Plaintiff respectfully prays that this Court:

1. Assume Jurisdiction of this case;

2. Award Actual damages to be determined at trial;

3. Award Punitive damages to be determined at trial;

4. Award Statutory damages set out in 15 USC §§ 1681n and 1681o;

5. Award reasonable Attorneys' fees and other related costs;

6. Enforce an order that the Defendant correct any remaining false information on the Plaintiff's credit report by communicating to any credit reporting agency that the Defendant reported information about the Plaintiff to that the Plaintiff was victim of identity theft and not responsible for the delinquent charges on the Account; and

7. Plaintiff additionally prays as herein and for all other proper relief.

Respectfully submitted,

By: /s/ Debby A. Linton
Debby A. Linton
Ark. Bar No: 2001146
Jack Nelson Jones
& Bryant, PA
2800 Cantrell Rd. Ste. 500
Little Rock, AR 72211
Ph:  501-375-1122
Fax: 501-375-1027