IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EMMANUEL ILODIANYA                                                              PLAINTIFF

v.                                    No. 4:11-cv-637-DPM

CAPITAL ONE BANK USA NA;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION LLC                                                                         DEFENDANTS

## ORDER

Emmanuel Ilodianya is suing Capital One Bank for alleged Fair Credit Reporting Act violations, defamation of credit, and intentional infliction of emotional distress. Ilodianya asks, among other things, for declaratory relief against Capital One—he wants the company to correct any remaining false information on his credit report. Capital One moves to dismiss. The motion, *Document No. 11*, is granted in part and denied in part.

**1. A Private Right of Action?** Capital One argues for dismissal of Ilodianya's FCRA claims on the basis that the Act contains no private right of action. Under 15 U.S.C. §§ 1681n & 1681o, any person who willfully or negligently fails to comply with any of the FCRA's requirements is subject to civil liability. For entities that furnish information to credit reporting agencies, entities such as Capital One, the FCRA sets out two general

requirements: (1) the duty to provide accurate information; and (2) the duty to investigate the accuracy of reported information upon receiving notice of a dispute. 15 U.S.C. § 1681s-2(a) & (b).

The FCRA is clear that there is no private right of action for alleged violations of section 1681s-2(a), the requirement that furnishers provide accurate information to credit reporting agencies. 15 U.S.C. § 1681s-2(c)(1); *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011); *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1010 (S.D. Iowa 2003). There is no statutory bar, however, against pursuing a private claim against a furnisher for a violation of section 1681s-2(b), the requirement that furnishers investigate the accuracy of reported information after getting notice of a dispute.

Whether a consumer can pursue this type of claim is an open question in our Circuit. But most other Courts of Appeals to consider the issue have answered the question yes. *See, e.g., SimmsParris v. Countrywide Financial Corp.*, 652 F.3d 355 (3d Cir. 2011); *Chiang v. Verizon New England Inc.*, 595 F.3d 26 (1st Cir. 2010); *Saunders v. Branch Banking & Trust Co. of Virginia*, 526 F.3d 142 (4th Cir. 2008); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057

(9th Cir. 2002); *but see Geeslin v. Nissan Motor Acceptance Corp.*, No. 99-60410, 2000 WL 1056120 (5th Cir. 2000) (*per curiam*).

This Court agrees with the greater weight of authority: private suits are allowable under section 1681s-2(b). Capital One's motion to dismiss Ilodianya's § 1681s-2(a) claim with prejudice is granted; Ilodianya's § 1681s-2(b) claim survives.

**2. Preemption of State-Law Claims?** Capital One next argues that Ilodianya's state-law claims — defamation of credit and intentional infliction of emotional distress — are preempted by the the FCRA. The FCRA has two preemption provisions. Section 1681t(b)(1)(F) says this:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply to [certain inapplicable state statutes.]

The other preemption provision, § 1681h(e), says this:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

Though the Eighth Circuit has yet to consider the application of these two statutes, other Courts of Appeals have. The Seventh Circuit provided this analysis:

> [W]e do not perceive any inconsistency between the two statutes. Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a right to recover for wilfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s–2. The extra federal remedy in § 1681s–2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in § 1681s–2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

*Purcell v. Bank of America*, 659 F.3d 622, 625 (7th Cir. 2011) (emphasis omitted).

And *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011) (*per curiam*) is similar to this case. There, as here, Macpherson's FCRA claim was under § 1681s–2 and he also asserted state-law claims for defamation and intentional infliction of emotional distress. 665 F.3d at 46–47. The district court dismissed Macpherson's state-law claims, holding that they were

preempted by section 1681t(b)(1)(F).  The Second Circuit affirmed, relying heavily on *Purcell*.  665 F.3d at 47–48.

*Purcell* and *Macpherson* are well reasoned and persuasive.  This Court therefore holds that Ilodianya's claims for defamation and intentional infliction of emotional distress are preempted.  Capital One's motion to dismiss these claims with prejudice is granted.

**3. Declaratory Relief?** Ilodianya also asks for declaratory relief.  More specifically, he asks the Court to order Capital One "to correct any remaining such false information that is at issue[.]" *Document No. 1-1*.  Capital One argues that this is really a request for an injunction, which it says is not allowed under the FCRA.  Ilodianya maintains that he wants a declaration, not an injunction.

A declaratory judgment is a "binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement." BLACK'S LAW DICTIONARY (9th ed. 2009); *see also* 28 U.S.C. § 2201(a).  An injunction, on the other hand, "orders an affirmative act or mandates a specified course of conduct." BLACK'S LAW DICTIONARY (9th ed. 2009); *see also* FED. R. CIV. P. 65.  But here we should, as Holmes said, think

things, not words. Ilodianya wants the Court to order Capital One to scrub any remaining mistakes off his credit report. *Document No. 1-1 at 13.* This is the essence of injunctive, not declaratory, relief.

Whether injunctive relief is available to a private plaintiff under the FCRA is another open question in our Circuit. Only one Court of Appeals appears to have decided the point. The Fifth Circuit has held that

> the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 268 (5th Cir. 2000). Writing for the Sixth Circuit, Judge Sutton stuck a cautionary note about *Washington* in some careful *dicta*. *Beaudry v. Telecheck Services, Inc.*, 579 F.3d 702, 708–09 (6th Cir. 2009). District courts have divided, with recent decisions tending to follow *Washington*. *E.g., Young v. HSBC Mortgage Services, Inc.*, No. 4:07CV646 HEA, 2007 WL 2083680, at *1 (E.D. Mo. 13 July 2007) (collecting cases); *Washington*, 199 F.3d at 268 (same).

While there is a solid argument and authority to the contrary, this Court is persuaded that *Washington* reads the Fair Credit Reporting Act correctly.

Congress provided for injunctions in other parts of the Act but did not do so in the sections specifying the remedies available to aggrieved individuals like Ilodianya. *Expressio unius est exclusio alterius.* Injunctive relief is thus not available to private plaintiffs in an FCRA action. Captial One's motion is granted on this point; and the Court dismisses Ilodianya's request for an injunction styled as a declaration.

    So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

15 February 2012