## IN THE UNITED STATES DISTRICT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**EMMANUEL ILODIANYA**                                     **PLAINTIFF**

v.                                     **No. 4:11-cv-637-DPM**

**CAPITAL ONE BANK USA, N.A.;**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**and TRANS UNION LLC.**                                     **DEFENDANTS**

### PROTECTIVE ORDER

Capital One's unopposed motion for a protective order, *Document No.*

*36*, is granted.  The parties stipulate, and the Court orders, as follows:

1.      Policies, procedures and guidelines produced by defendant

Capital One that are reasonably believed to contain sensitive, proprietary,

private, personal, or confidential information may be designated as

"Confidential Material."

2.      Designation of "Confidential Material" may be made by stamping

or otherwise marking the materials as follows: "Use of Document Restricted

By Court Order" or "Confidential Pursuant to Court Order " or "Confidential."

For purposes of this paragraph, an entire document, file, or thing may be

designated as "Confidential Material" by the Producing Party by:   (1)

stamping or otherwise marking the first or cover page of a multi-page

document or a file folder containing multiple documents, (2) labeling a tape, disk, or compact disk, in each instance in a manner reasonably calculated to call to the attention of other Parties the nature and scope of the designation, or (3) letter advising all other Parties of those documents (identified by Bates number ranges if possible) which the Producing Party is designating as "Confidential Material."

   **3.**   If a Producing Party inadvertently fails to stamp or mark certain documents upon their production, it may designate those documents as "Confidential Material" by giving notice to all Parties that the material is to be so designated by stamping or otherwise marking the "Confidential Material" as described in paragraph 2.  In either case, all Parties shall then stamp or otherwise mark the designated material as "Confidential Material" as described above.  The parties may also designate documents that have already been produced as "Confidential Material" in writing, describing the documents by Bates number if possible.

   **4.**   "Confidential Material," and information derived from or contained in "Confidential Material," shall be used only as reasonably necessary for preparation and trial of this action, including any appeal or

-2-

retrial, and shall not be used for any other purpose, including, without limitation, any other litigation or proceeding; any business, competitive, or governmental purpose or function; and shall not be disclosed in any public manner, including in the contents of pleadings filed in this action, with the exception of filings made pursuant to paragraph 12 of this Order. "Confidential Material" and information derived from "Confidential Material" shall not be disclosed except as set forth in paragraphs 5, 6, and 15.

5.    "Confidential Material" may be disclosed only to the following persons, and they need not sign the certificate that is attached as "Exhibit A":

**(a)**    Counsel of record for any Party;

**(b)**    Paralegal, stenographic, clerical and secretarial personnel employed by counsel described in (a);

**(c)**    Court personnel including stenographic reporters engaged in the proceedings as are necessarily incident to preparation for trial of this action; and

**(d)**    Any third-party consultant (including without limitation any imaging or other litigation support vendor) or expert retained or consulted in connection with this action.

-3-

6.     "Confidential Material" may also be shown or disclosed to witnesses or prospective witnesses at or in preparation for deposition or trial who are persons other than those authorized to receive the material by the terms of paragraph 5 of this Order, but only as necessary to their testimony or anticipated testimony, provided that the witnesses or prospective witnesses first sign the certificate attached as Exhibit A in the manner set forth in paragraph 7 below.

7.     Each individual, other than those identified in paragraphs 5(a) - (d) above, to whom "Confidential Material" is furnished, shown, or disclosed, shall prior to the time he or she receives access to the materials, be provided by counsel furnishing the material a copy of this Order, and agree to be bound by its terms, and shall certify that he or she has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A. These persons also must consent to be subject to the personal jurisdiction of this Court, and to the personal jurisdiction of any Court to which this action may be transferred, with respect to any proceeding relating to enforcement of this Order, including any proceeding relating to contempt of court. The certificate shall be of the form set forth in Exhibit A, attached to this Order.

-4-

Counsel making disclosure to any person as described in this Order shall retain the original executed copy of the certificate until final termination of this litigation, and shall provide the Producing Party with a signed copy of Exhibit A no later than ten days after the certificate is executed.

**8.**     The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial. The Parties shall cooperate in obtaining, to the extent reasonably requested by any Party, unmarked copies of stamped documents to be used at trial, provided, however, that there shall be no obligation to obtain non-Bates-numbered copies of any document.

**9.**     The list of persons to whom "Confidential Material" may be disclosed may be expanded by mutual written consent of counsel of record. Any Party may propose an expansion by serving a letter on all counsel in this case and counsel for the Producing Party specifically identifying, and describing the role and function of, the person intended to be added to the list. If counsel for any Party objects to any proposed expansion within ten days

-5-

after receipt of the letter from the Proposing Party, no "Confidential Material" may be disclosed to any person intended to be added to the list.

     **10.**    Nothing in this Order shall be construed to limit in any way the ability of the Producing Party to use or disclose "Confidential Material" in the possession of a Producing Party and designated as "Confidential Material" by a Producing Party in any manner whatsoever.

     **11.**    The foregoing is without prejudice to the right of any Party: (a) to apply to the Court for a further protective order relating to any "Confidential Material" or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for any order compelling production of documents or modification of this Order or for any order permitting disclosure of "Confidential Material" beyond the terms of this Order.

     **12.**    The parties agree to comply with the governing rules of procedure, redact "Confidential Material" if practicable, and otherwise seek an order allowing "Confidential Material" to be filed under seal, before filing any of these materials with the Court.

**13.**    If "Confidential Material" is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive this type of material may be present.  All transcripts of these depositions, and exhibits to the depositions, shall, in their entirety, be treated as "Confidential Material."

**14.**    Should any Party to whom "Confidential Material" is disclosed object to the classification of the materials, and the objection cannot be resolved informally, then the objecting Party may move for an order determining that the materials were not properly designated.  Until the Court rules to the contrary, all materials designated as "Confidential Material" shall be treated as prescribed in this Order.

**15.**    If any Party or person that has obtained "Confidential Material" under the terms of this Order receives a subpoena or other legal process commanding the production of any of the documents or information ("subpoena"), that Party or person shall, within five business days, notify counsel for the Producing Party or the party that designated the information or documents as "Confidential Material" of the service of the subpoena.  The Party or person receiving the subpoena shall not produce any "Confidential

Material" in response to the subpoena without either the prior written consent of the Party or person that designated the information or documents as "Confidential Material" or an order of a court of competent jurisdiction. However, the Party or person that designated the information or documents as "Confidential Material" in that case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of the subpoena, or the subpoenaed Party or person shall be relieved of its obligations under this paragraph.

    16.    Within thirty days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all documents and copies thereof, including, without limitation, all "Confidential Material" received under the provisions of this Order, and all documents containing or describing "Confidential Material" other than trial transcripts and trial exhibits admitted into evidence and declarations executed pursuant to paragraphs 5 or 6 of this Order shall, at the option of the Producing Party or person, either be returned to the Producing Party or person or destroyed; provided, however, that privileged documents or work product need not be returned but instead shall be destroyed.  All parties or persons that received

"Confidential Material" shall certify compliance with this section in writing at the request of the Producing Party or person. This Court's jurisdiction to enforce this Order will end one year after the conclusion of this case, including any appeals. Thereafter, the provisions of this Order will remain in effect as a contract between the parties and all persons who have executed Exhibit A.

17.     In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved Party may seek damages and injunctive relief, and it shall not be a defense to the violation that the aggrieved Party possesses an adequate remedy at law.

18.     All persons subject to the terms of this Order agree that this Court, or any Court to which this action is transferred, shall retain jurisdiction over them for the purpose of enforcing this Order.

19.     Nothing in this Order shall provide the basis for any assertion that confidentiality protection should or should not extend to documents used as exhibits at a trial in this action. Upon request, the parties shall meet and confer regarding the treatment of "Confidential Material" at trial. In the event that the parties cannot agree on an appropriate form of a proposed order, the

treatment of "Confidential Material", if any, shall be governed by the Pretrial Order or orders concerning the conduct of the trial.

**20.** The terms "Party" and "Parties" as used in this Order refer to the current parties to this action as well as any parties who may later be added to or join this action. The terms of this Order shall apply automatically to any later added or joined parties, and shall also apply to any person having actual or constructive knowledge of this Order. The terms "Producing Party" and "Producing Parties" shall refer not only to the Parties, but also to any non-party that produces documents in the action.

**21.** "Confidential Material" shall not be copied or reproduced for use in this action except to the extent that the copying or reproduction is reasonably necessary to the conduct of this action. All copies or reproduction shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of "Confidential Material" are made does not preserve the confidentiality designation that appears on the original documents, all copies or reproductions shall be stamped as appropriate.

22. The provisions of this Order may be modified only by order of the Court, except as designated in this Order. Any party or third-party is free to request a modification.

So Ordered.

_DP Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_22 March 2013_

-11-

## Exhibit A

AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, the undersigned, hereby acknowledge that I have received and read a copy of the Protective Order ("Order") entered in *Emmanuel Ilodianya v. Capital One Bank (USA), N.A., et al.,* pending in the United States District Court for the Eastern District of Arkansas, Western Division, the disclosure, exploitation, or use of "Confidential" material for any purpose or in any manner not connected with the prosecution or defense of that matter; that I agree to be bound by all provisions of the Order; that I submit to the jurisdiction of the court in which that matter is pending, and that I understand that sanctions may be imposed by the Court, including civil and criminal penalties for contempt of court, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Order.

_____          _____

Date                                             Name

-12-